

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

In re: Robert L. Pingaro
       Debtor

CASE NO. 03-11854-CJK
CHAPTER 13

Ameriquest Mortgage Company
    Movant/Plaintiff/Appellant
v.

Robert L. Pingaro     03CV 12639 JLT
    Debtor/Defendant/Appellee

## MOTION FOR LEAVE TO APPEAL

Ameriquest Mortgage Company ("Ameriquest"), the creditor in the above-captioned Chapter 13 proceeding, hereby moves the U.S. District Court for leave to appeal Judge Kenner's Order of September 24, 2003. *See Order of September 24, 2003 attached as Exhibit A.*

Ameriquest respectfully files this Motion for Leave to Appeal because it is ambiguous as to whether Judge Kenner's Order of September 24, 2003, is interlocutory in nature. If uncontested, Judge Kenner's order could have the effect of bifurcating Ameriquest's claim, cramming it down to $16,000.00. Since the effect of Judge Kenner's order would not be final until confirmation of debtor's chapter 13 plan, Ameriquest believes the order to be interlocutory.

This motion is not duplicative of the concurrently filed Notice of Appeal filed pursuant to Fed.R.Bankr.P. 8001(a) but is required by Fed.R.Bankr.P. 8001(b), which states:

> An appeal from an interlocutory judgment, order, or decree as permitted by 28 U.S.C. §158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, *accompanied by* a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

Fed.R.Bankr.P. 8001(b)[emphasis added].

In support of this motion and in compliance with Fed.R.Bankr.P. 8003, Ameriquest sets forth the following:

## I. Statement of Facts

This is debtor's eighth bankruptcy filing since 1997. Every judge sitting in the Eastern Division of the U.S. Bankruptcy Court, the prior Chief Justice of the Bankruptcy Court Judge William Hillman, the current Chief Justice of the Bankruptcy Court Judge Joan Feeney and the current Chief Justice of the Bankruptcy Appellate Panel for the First Circuit Judge Carol Kenner has now heard these issues. Two of these learned judges have granted Ameriquest relief from stay in debtor's previously filed bankruptcies. Although the facts and circumstances remain the same, the third has refused Ameriquest relief but rather took it upon herself to modify Ameriquest's secured claim in violation of

3

the anti-modification provision of 11 U.S.C. §1322, and to deny Ameriquest relief from stay in contradiction of the other justices holdings.

During an evidentiary hearing on Ameriquest's Motion for Relief from Stay on September 24, 2003, Judge Carol Kenner modified Ameriquest's secured interest in the collateral known as 258 Central Street, Saugus, MA 01906. The Court engaged in a baffling interchange with Ameriquest's counsel concerning the value of the collateral, and by circuitous logic the court found that Ameriquest's entire secured claim against the collateral to be $16,000.00. The modification of mortgagee's secured claim on a single family residence is not allowed under 11 U.S.C. §1322.

The total debt of the subject loan is approximately $384,148.72, with approximately $128,298.72 in pre-petition debt. The mortgagors, Robert L. Pingaro and Maureen Pingaro have filed a total of eight (8) bankruptcies since 1997 (Case numbers 97-11592, 99-13032, 99-15663, 00-14210, 01-16985 simultaneously with a chapter 7 #01-18552, 02-11621 and 03-11854) and have made no payments on this loan since November 1999.

On August 1, 2002, the Honorable William Hillman heard Ameriquest's Motion for Relief from Stay in case number 02-11621. During the hearing, the debtor admitted on the record that there is insufficient equity to protect Ameriquest and that no payments had been made since 1999. Judge Hillman found that Ameriquest

4

holds a valid mortgage on the property, that there is no equity in the property, that Ameriquest is not adequately protected and should be allowed for foreclose on the collateral. *See Judge Hillman's Order of August 1, 2002 attached as Exhibit B.* The debtor appealed Judge Hillman's order granting relief, but voluntarily withdrew the appeal prior to determination. Debtor also voluntarily withdrew his objection to the Trustee's Motion to Dismiss the 02-11621 bankruptcy resulting in dismissal effective January 11, 2003.

Pursuant to Judge Hillman's order, Ameriquest recommenced foreclosure, but was again frustrated in its attempt as the Debtor refiled the current bankruptcy petition (03-11854) on March 7, 2003. Ameriquest immediately filed a Motion for Relief from Stay based on the following: 1) this is debtor's eighth filing, 2) Judge Hillman's prior finding that Ameriquest is not adequately protected pursuant to 11 U.S.C. 362(d)(2), and that 3) the debtor's failure to maintain the property was causing waste which is a breach of the mortgage covenants and cause for relief under 11 U.S.C. 362(d)(1).

Judge Kenner denied Ameriquest's request for relief and Ameriquest filed a Motion to Reconsider. On June 4, 2003, Judge Kenner ruled that the Motion for Reconsideration was actually an amended motion for relief and ordered Ameriquest to submit "affidavit[s] in lieu of testimony supporting Ameriquest's

5

declaration of value." *See Procedural Order dated June 4, 2003 attached as Exhibit C*. Thereafter, Judge Kenner required that the debtor submit an affidavit attesting to his assertion of the value of the property. *See Affidavit of Robert L. Pingaro attached as Exhibit D*. Both parties complied but Judge Kenner called for an evidentiary hearing nonetheless.

The cost of an evidentiary hearing would amount to tens of thousands of dollars for experts' fees, travel expenses, and mechanical and environmental tests of the subject property. Since Ameriquest only had to show that there was no equity in the property, and since Judge Hillman already found a lack of equity based on the same facts and circumstances, Ameriquest chose to stipulate to debtor's attestation of value for the limited purposes of establishing the fact that no equity existed in the property.

Judge Kenner denied Ameriquest's request to stipulate to the debtor's value of the collateral, and ruled that an evidentiary hearing was necessary because "there remain numerous unresolved issues, including whether there is a lack of adequate protection." Ameriquest was confused by the Courts refusal to allow it to stipulate to the Debtor's value and so requested a pre-hearing conference on the nature and purpose of the evidentiary hearing. Judge Kenner refused to allow Ameriquest a pre-hearing conference. Nor did Judge Kenner allow Ameriquest to withdraw its 'amended'

6

Motion for Relief stating that to do so "would leave this Chapter 13 case in limbo." *See Order dated September 18, 2003 attached as Exhibit E.*

At the hearing on September 24, 2003, counsel for Ameriquest was surprised by the baffling questions posed by the Court concerning the value of the collateral, the effect of the debtor's prior chapter 7 discharge, and Ameriquest's position on its unsecured and secured portions of its claim. Still with the understanding that the hearing was simply a hearing to determine the lack of equity in the property to support its motion for relief, counsel for Ameriquest misinterpreted the court's line of inquiry. Unbeknownst to counsel for AMC, the Court, *sua sponte*, transformed the Motion for Relief from Stay hearing into a modification hearing under 11 U.S.C. §1322. It was not until the break that counsel understood that the court intended to modify Ameriquest's secured interest from approximately $385,000.00 to $16,000.00.

Ameriquest informed the Court immediately upon return from break of the substantive misunderstanding. To no avail.

**II a.      Statement of Question(s) to be Presented on Appeal**

Whether Judge Kenner can modify Ameriquest's secured status without notice as required by 11 U.S.C. §506 then modify the amount of the secured claim under 11 U.S.C. §1322.

7

Motion for Relief stating that to do so "would leave this Chapter 13 case in limbo." *See Order dated September 18, 2003 attached as Exhibit E.*

At the hearing on September 24, 2003, counsel for Ameriquest was surprised by the baffling questions posed by the Court concerning the value of the collateral, the effect of the debtor's prior chapter 7 discharge, and Ameriquest's position on its unsecured and secured portions of its claim. Still with the understanding that the hearing was simply a hearing to determine the lack of equity in the property to support its motion for relief, counsel for Ameriquest misinterpreted the court's line of inquiry. Unbeknownst to counsel for AMC, the Court, *sua sponte*, transformed the Motion for Relief from Stay hearing into a modification hearing under 11 U.S.C. §1322. It was not until the break that counsel understood that the court intended to modify Ameriquest's secured interest from approximately $385,000.00 to $16,000.00.

Ameriquest informed the Court immediately upon return from break of the substantive misunderstanding. To no avail.

**II a.      Statement of Question(s) to be Presented on Appeal**

Whether Judge Kenner can modify Ameriquest's secured status without notice as required by 11 U.S.C. §506 then modify the amount of the secured claim under 11 U.S.C. §1322.

7

Whether Judge Kenner is bound by the procedural requisites of 11 U.S.C. §1322 in that she must allow Debtor to request a modification hearing rather than altering the purpose of a motion for relief hearing sua sponte to one for the purpose of modifying a secured lien.

Whether the prior determination of fact on the identical issues by a bankruptcy court judge sitting in the same district collaterally estops the instant court from retrying the issue based on the same set of facts and circumstances.

Whether the facts presented in this case allow for the modification of the secure debt pursuant to 11 U.S.C. §1322 and In re: Nobleman, 508 U.S. 324 (1993).

**II b.    Relief Requested**

I. Reverse Judge Kenner's Order of September 24, 2003, modifying Ameriquest's secured interest in the collateral;

II. Grant Ameriquest relief from stay;

III. Find that the debtor has engaged in forum shopping and dismiss the current bankruptcy petition under 11 U.S.C. 109(g) requiring 180 days before refiling;

IV. Rule that collateral estoppel bars the debtor from attempting to modify Ameriquest's secured status.

8

III.   **Statement of Why Relief Should Be Granted**

Judge Kenner's spontaneous modification hearing under 11 U.S.C. §506(a) without notice was an abuse of discretion.

Judge Kenner's decision to modify a secured creditor's interest without any evidence on the record that would allow for the modification under 11 U.S.C. §1322, is arbitrary and capricious and an abuse of discretion.

Judge Kenner abused her discretion in choosing to raise issues *sua sponte* to which she could take judicial notice under the doctrine of *stare decisis*.


WHEREFORE, Ameriquest Mortgage Company respectfully requests that this Honorable Court:

I.   Grant leave to appeal;

II.   Reverse Judge Kenner's Order of September 24, 2003;

III.   Allow Ameriquest relief from stay; and,

IV.   Any other relief this Court determines is fair and just.

Respectfully submitted,
Ameriquest Mortgage Company
By its Attorneys

_____
Steven A. Ablitt (641316)
ABLITT & CARUOLO, PC
333 North Avenue, 4th Floor
Wakefield, MA 01880
DATE:   October 26, 2003         (781) 246-8995

9